UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DARRELL BROWN,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>  Respondent. | CASE NO. ED CV 19-2507-RGK (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

On December 26, 2019, Petitioner filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals, which was subsequently transferred to this court. In it, he challenges a 10-year sentence imposed by the San Bernardino County Superior Court in November 2019. (Petition at 1.) Petitioner notes in the Petition that his appeal of that sentence is currently pending in the California Court of Appeal. (Petition at 5, 6.) For the following reasons, the Petition is dismissed without prejudice.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); *see also* 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present

his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

Because Petitioner's appeal is still pending, his claims are unexhausted. For that reason, the Petition is dismissed without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: February 12, 2020

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\isabelmartinez\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\VT0Y4E57\Ord_Dism_Pet.wpd